IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| TRACY STARKEY, AND; AND ROBERT STARKEY, HUSBAND AND WIFE; | ) ) ) | |
| Plaintiffs, | ) ) ) | 2:21-CV-00653-MJH |
| vs. | ) ) ) | |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, MARNIC INSURANCE AGENCY INC., | ) ) ) | |
| Defendants, | | |

OPINION

Plaintiffs, Tracy Starkey and Robert Starkey, bring claims for statutory bad faith under 42 Pa.C.S. § 8371 against Defendant, Nationwide Property and Casualty Insurance Company (Count I) and for Violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) against Nationwide and Defendant, Marnic Insurance Agency, Inc. (Count II). (ECF No. 1-12). The Starkeys have moved to remand the case to the Beaver County Court of Common Pleas. (ECF Nos. 8 and 9). The matter is now ripe for consideration.

Upon consideration of the Starkeys' Complaint (ECF No. 1-12), Defendants' Notice of Removal (ECF No. 1), the Starkeys' Motion to Remand to State Court (ECF No. 8), the respective briefs of the parties (ECF Nos. 9 and 12), and for the following reasons, the Starkeys' Motion to Remand will be granted.

I.     Relevant Background

The factual inquiry into the citizenship of the parties and the claims against the Defendants will guide the Court's remand analysis. The Starkeys reside in Pennsylvania. (ECF No. 1-12 at ¶ 1). Nationwide is an Ohio Corporation with a principal business address in

Columbus, Ohio. *Id*. at ¶ 2. Marnic is a Pennsylvania corporation with a principal place of business in Beaver, Pennsylvania. *Id*. at ¶ 4. Defendants maintain that the Starkeys can only defeat diversity jurisdiction through the fraudulent joinder of Marnic, the lone Pennsylvania defendant. (ECF No. 1). The sole count against Marnic is for a violation of the UTPCPL. (ECF 1-12 at ¶¶ 117-123).

In 2015, Mrs. Starkey was involved in a motor vehicle collision, while operating a 2013 Chevrolet Malibu. *Id*. at ¶¶ 9-10. As a result of the injuries she sustained in said accident, she pursued a claim for underinsured motorists (UIM) coverage under a Nationwide Policy which covered the Malibu. *Id*. at ¶ 31. The Complaint alleges that Marnic sold this Policy to Patricia L. Schupay and the Starkeys. *Id*. at ¶ 119. The Starkeys allege that they purchased the Policy and made premium payments to Ms. Shupay and/or to the Defendants. *Id*. at ¶ 120. The Complaint further avers that, in the course of selling the Policy, Marnic violated the UTPCPL as follows:

    a. In misrepresenting that UIM claims would be paid fairly, timely, and completely when there was no intention of providing such benefits, or the benefits would be unfairly discounted, false denied, and/or unreasonably delayed […].

    b. In misrepresenting that the Policy would provide UIM coverage in the amount of $100,000.00 when there was no intention to do so […].

    c. In advertising and selling an insurance policy with a promise that UIM benefits would be paid when owed when there was no intention of providing such benefits, the benefits would be unfairly discounted, the benefits would be falsely denied, and/or payment would be delayed […].

    d. The act of refusing to provide payment of [the Starkeys'] claims for the promises benefits that were sold and paid for […].

*Id*. at ¶ 121(a)-(d)).

Defendants moved for removal on the basis that the UTPCPL claim against Marnic was fraudulently joined for the purpose of avoiding federal diversity jurisdiction. Therefore,

Defendants contend that if the UTPCPL claim against Marnic, the sole Pennsylvania defendant, were dismissed, then Nationwide, an Ohio defendant, could maintain diversity jurisdiction. The Starkeys move for remand on the basis that their claim against Marnic is viable; and therefore, this Court cannot maintain diversity jurisdiction.

II. Standard of Review

Under 28 U.S.C. § 1441, a defendant may remove an action brought in state court to federal district court when the claims fall within the federal court's original jurisdiction. *See* 28 U.S.C. § 1441(a). A plaintiff may challenge removal for lack of jurisdiction by moving to remand the matter to state court. *See id.* § 1447(c). Such motions may be filed at any time before final judgment is entered. *Id.* If the district court indeed lacks subject matter jurisdiction, it must remand to the state court from which the action was removed. *Id.* As the party asserting jurisdiction, defendants bear the burden of proving that the matter is properly before the federal court. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citations omitted); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (same).

III. Discussion

Defendants' Notice of Removal asserts that this Court may maintain diversity jurisdiction under 28 U.S.C. § 1332 because Marnic was fraudulently joined to this action, and if the Court dismissed Marnic, there would be complete diversity between the Starkeys and Nationwide. Specifically, Defendants contend that the Starkeys cannot maintain a colorable claim against Marnic for a violation under the UTPCPL. According to Defendants, the Starkey's UTPCPL claim fails because the Complaint does not set forth any specific misrepresentation that Marnic made to Plaintiffs at the time the Policy was sold and that the Starkeys were not named insureds under the Policy. Therefore, Defendants argue that, if any misrepresentation existed, it would

3

not have been made to the Starkeys by Marnic.  Defendants further contend that the Starkeys' UIM claim and Nationwide's claims handling arises from post-contract formation conduct and that the UTPCPL only applies to an insurer's pre-formation conduct.   Such conduct, according to Defendants, is properly asserted under the bad faith statute.

In its Motion to Remand, the Starkeys contend that their Complaint alleges that while selling the Policy, Marnic made misrepresentations regarding the Policy, and that the UTPCPL recognizes the standing of an intended third-party beneficiary of a contract even where parties enjoyed no contractual relationship.  Moreover, the Starkeys submit that Defendants attempt to mischaracterize their claims as solely based upon post-contract formation conduct; however, the Starkeys argue that the Complaint sufficiently pleads pre-formation conduct in its allegations regarding the advertising and selling the insurance policy.

A defendant may remove a civil action from state court if it originally could have been brought in federal court. 28 U.S.C. § 1441(a). If removal is based on diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy and complete diversity between the parties. *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006).

The fraudulent joinder doctrine is an exception to the requirement that removal must be predicated on complete diversity. *See Briscoe*, 448 F.3d at 215-16. Where complete diversity is lacking, "the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id*. at 216. A removing defendant who claims fraudulent joinder bears a "heavy burden of persuasion." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted). It must show "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek

a joint judgment." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985). A claim is colorable if it is not "wholly insubstantial and frivolous." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992).

In analyzing a fraudulent joinder claim, the district court must accept all factual allegations in the plaintiff's complaint as true and "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer*, 913 F.2d at 111. The fraudulent joinder inquiry is not governed by the Rule 12(b)(6) standard, which is "more searching than that permissible when a party makes a claim of fraudulent joinder." *See Batoff*, 977 F.2d at 852 (observing "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted"). In sum, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111 (citation omitted).

Here, Defendants have not met their heavy burden regarding fraudulent joinder. First, Defendants have not shown that the Starkeys have no real intention in good faith to prosecute the action against Marnic. Defendants primary arguments are on the pleading sufficiency of the UTPCPL claim. Defendants cite to no conduct by the Starkeys or other evidence indicating that they do not intend to proceed against Marnic. Next, the Court examines whether the Starkeys have alleged a colorable UTPCPL claim against Marnic. The gravamen of Defendants' arguments stem from whether the Starkeys have properly averred a UTPCPL claim against Marnic, an insurance agent. However, under a fraudulent joinder argument, the Court is not tasked with assessing the Starkeys' UTPCPL claim under a Rule 12(b)(6) standard. The pertinent inquiry is whether the UTPCPL claim is colorable. Courts have held that individuals

may maintain a UTPCPL claim against an insurance agent. *See Kelly v. Progressive Advanced Ins. Co.*, 159 F. Supp.3d 562, 564 (E.D. Pa. 2016); *Cirocco v. Nw. Mut. Life Ins. Co.*, CV 17-393, 2017 WL 4681319, at *3 (W.D. Pa. Oct. 18, 2017). Moreover, courts have denied fraudulent joinder challenges for UTPCPL claims against insurance agents or claims representatives. *See Barrie v. Progressive Specialty Ins. Co.,* 2017 WL1150631, *5 (E.D. Pa. Mar. 28, 2017); *Fenkner v. Nationwide Mut. Ins. Co.*, 2005 WL 1172642, *3 (M.D. Pa. May 18, 2005); *Cirocco*, 2017 WL 4681319, at *3.

Because UTPCPL claims against insurance agents are colorable, even under Defendants' pleading critiques, the claim against Marnic is not "wholly insubstantial and frivolous." The Complaint describes both pre-and post-contract formation conduct, which could give rise to a UTPCPL claim. Therefore, the Court cannot conclude that Marnic was fraudulently joined. Thus, without the dismissal of Marnic under the fraudulent joinder doctrine, this Court cannot maintain diversity jurisdiction.

Accordingly, the Starkeys' Motion to Remand will be granted.

IV. Conclusion

Following consideration of the Starkeys' Complaint (ECF No. 1-12), Defendants' Notice of Removal (ECF No. 1), the Starkeys' Motion to Remand to State Court (ECF No. 8), the respective briefs of the parties (ECF Nos. 9 and 12), and for the foregoing reasons, the Starkeys' Motion to Remand will be granted. This case will be remanded to the Beaver County Court of Common Pleas. A separate order will follow.

DATED this 21st day of July, 2021.

BY THE COURT:

_____
MARILYN J. HORAN